# IN THE COURT OF APPEALS OF IOWA

No. 18-1740
Filed July 24, 2019

**DEXTER FINANCIAL SERVICES, INC.,**
    Plaintiff-Appellee,

**vs.**

**PLATT LAUNDROMAT LLC, FAKHREDDIN BILBEISI, NAHEEL BILBEISI, ANN ARBOR DRIVING SCHOOL INC., and PLATT ROAD CENTER LLC,**
    Defendants-Appellants.

_____

Appeal from the Iowa District Court for Linn County, Paul D. Miller, Judge.

Appellants challenge an adverse summary-judgment ruling.  **AFFIRMED.**

Joey T. Hoover of Hoover Law Firm P.L.L.C., Epworth, for appellants.

Joseph E. Schmall of Bradley & Riley PC, Cedar Rapids, for appellee.

Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Presiding Judge.**

Platt Laundromat, LLC, executed and delivered to Dexter Financial Services, Inc., a promissory note and purchase money security agreement for the purchase of commercial laundry equipment. The other named defendants were guarantors on the note. Platt defaulted by failing to make the required payments under the note, and Dexter sued Platt and the guarantors (hereinafter collectively referred to as "Platt"). Platt counterclaimed, alleging fraudulent misrepresentation by an agent, Michael Kline. After discovery, Dexter filed a motion for summary judgment. Platt resisted, alleging Kline was an agent of Dexter and he made fraudulent misrepresentations. The district court granted the motion, and Platt appeals.

On appeal, Platt argues the same grounds alleged in its counterclaim and resistance to the motion for summary judgment. We review a ruling on a motion for summary judgment for correction of errors at law. *Albaugh v. The Reserve*, ___ N.W.2d ___, ___, 2019 WL _____, at *__ (Iowa 2019); *Hedlund v. State*, ___ N.W.2d ___, ___, 2019 WL _____, at *__ (Iowa 2019).

The well-written ruling by the district court addressed the same issues presented on appeal, reviewed the salient facts, recited the applicable law, analyzed each issue separately, and we approve of the reasons and conclusions in the ruling. Further, the issues involve only the application of well-settled rules of law, disposition is clearly controlled by prior published holdings, and a full opinion would not augment or clarify existing case law. Accordingly, we affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**